UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN VERNON CALDWELL,<br><br>Defendant. | Criminal Action No. TDC-18-0319 |

## MEMORANDUM ORDER

Defendant Steven Vernon Caldwell, a federal prisoner at the Federal Correctional Institution Petersburg Low ("FCI-Petersburg") in Hopewell, Virginia, has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In his Motion, Caldwell seeks a sentence reduction to time served based on a sentencing disparity, an overly punitive sentence, and substantial rehabilitation.

On May 23, 2019, Caldwell pleaded guilty pursuant to a plea agreement to the charge of possession with intent to distribute controlled substances, in violation of 21 U.S.C. 841(a)(1). In the plea agreement, which was governed by Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that the total offense level under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") was 31; that the criminal history category was VI, based on the applicability of the career offender enhancement under U.S.S.G. § 4B1.1; and that the parties would both recommend a sentence between 96 and 156 months of imprisonment. On October 1, 2019, the Court (Grimm, J.) agreed with the parties' calculation of the total offense level and criminal history category, found that the applicable Guidelines range was 188 to 235 months of imprisonment, and granted a downward variance to sentence Caldwell to a total term of

imprisonment of 120 months, which fell within the parties' requested Rule 11(c)(1)(C) plea range. In light of credit for pretrial detention and projected good time credits, Caldwell is currently scheduled to be released on January 9, 2026.

Upon receiving Caldwell's Motion, the Court forwarded it the Office of the Federal Defender for the District of Maryland ("OFD") and requested notification of whether the OFD would seek to enter an appearance on behalf of Caldwell and submit additional briefing. The OFD declined to do so.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentence reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

2

>    (i)    extraordinary and compelling reasons warrant such a reduction;
>
>    * * *
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

## I.   Exhaustion of Administrative Remedies

Here, Caldwell has acknowledged that he has not made a request to the Warden of FCI-Petersburg for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Although he argues that he need not do so because, in his view, such a request would be futile, he has identified no legal authority permitting this Court to excuse the failure to exhaust administrative remedies based on his stated reason. Where the Government, in opposing the Motion, has properly invoked the defense of failure to exhaust administrative remedies, the Motion will be denied on this basis.

## II.   Extraordinary and Compelling Reasons

Even if the Court could consider the Motion, it would nevertheless deny it because Caldwell has not established extraordinary and compelling reasons for compassionate release. Caldwell first argues that a sentence reduction is warranted because the applicable Guidelines range would have been substantially lower if, in calculating the drug quantity in his case, the Court had treated crack cocaine as powder cocaine so as to avoid unfair disparities based on the type of cocaine at issue. This argument fails because in Caldwell's case, which involved quantities of crack cocaine, cocaine, heroin, and fentanyl, the Guidelines range was calculated without regard to drug quantity because Caldwell was undisputedly designated as a career offender, based on five prior convictions for drug trafficking crimes. *See* Pre-Sentence Investigation Report ¶¶ 24, 46, ECF No. 40. As described above, his actual sentence of 120 months represented a substantial downward variance from the applicable Guidelines range. Caldwell's sentencing disparity

argument therefore does not provide extraordinary and compelling reasons warranting a sentence reduction.

Caldwell's other arguments are likewise unpersuasive. Although the conditions of confinement during the COVID-19 pandemic were generally more severe throughout the BOP, Caldwell has not identified specific conditions to which he has been subjected that constitute extraordinary and compelling reasons. Finally, although Caldwell has referenced admirable post-offense rehabilitation, such rehabilitation cannot alone establish demonstrate extraordinary and compelling reasons. *See* 28 U.S.C § 994(t) (2018). Even if it could, Caldwell has not identified specific evidence of rehabilitation that would rise to that level.

Because Caldwell has not established extraordinary and compelling reasons for compassionate release or a sentence reduction, the Motion will be denied. In the absence of such reasons, the Court need not and will not address the remaining considerations, including whether a sentence reduction is warranted upon consideration of the factors set forth in 18 U.S.C. § 3553(a).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Caldwell's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 66, is DENIED.

Date: January 22, 2024

THEODORE D. CHUANG
United States District Judge